UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
FREDERICK WALKER, #14004973,

    Plaintiff,

    – against –

COUNTY OF NASSAU, ARMOR
CORRECTIONAL HEALTH OF N.Y., INC.,
JOSE ARMAS, M.D., CHILDA MARGOS, M.D.,
and MICHAEL SPOSATO, Sheriff of
Nassau County,

    Defendants.
------------------------------------X

ORDER
15-CV-4794 (JFB) (SIL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 22 2016 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Locke, advising the Court to (i) deny the County Defendants' motion to dismiss and (ii) grant the Armor Defendants' motion to dismiss in part and deny their motion in part. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, and denies the County Defendants' motion to dismiss, grants in part and denies in part the Armor Defendants' motion to dismiss, and grants plaintiff leave to amend.

## I. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings

1

contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. ANALYSIS

In his R&R, Magistrate Judge Locke recommends that the Court (i) deny the County Defendants' motion to dismiss and (ii) grant the Armor Defendants' motion to dismiss in part and deny their motion in part. Specifically, Magistrate Judge Locke recommends that the Armor Defendants' motion to dismiss be granted insofar as plaintiff alleges that defendants Margos and Sanchez violated his Eighth and Fourteenth Amendment rights by failing to provide him a cane for approximately eleven months and refusing to refer plaintiff to community-based specialists, but denied insofar as plaintiff alleges that Margos and Sanchez violated his Eighth and Fourteenth Amendment rights by refusing to prescribe pain medication or order plaintiff a second mattress. Magistrate Judge Locke also recommended that both the County Defendants' and Armor Defendants' motions to dismiss be denied with respect to plaintiff's claims of (i) liability against defendants Armas and Sposato, and (ii) municipal liability against Armor and Nassau County.

2

Magistrate Judge Locke further recommended that plaintiff be granted leave to replead his allegations that are subject to dismissal in an amended complaint as against all defendants.

The Armor Defendants requested an extension of time to file objections to the R&R, which the Court granted. The Armor Defendants thereafter timely filed objections on August 26, 2016. Specifically, the Armor Defendants object to Magistrate Judge Locke's determination that plaintiff's claims regarding (a) the denial of his request for additional or different pain medications and (b) Armor's refusal to provide him a second mattress should be permitted to proceed. For the reasons explained below, the Court adopts Magistrate Judge Locke's R&R in its entirety, and denies the County Defendants' motion to dismiss, grants in part and denies in part the Armor Defendants' motion to dismiss, and grants plaintiff leave to amend.

A. Pain Medication

Magistrate Judge Locke found that "[p]laintiff's allegations regarding the Armor Defendants' refusal to prescribe pain medication other than Tylenol and Motrin are sufficient to support a plausible inference that Defendants Margos and Sanchez were deliberately indifferent to Walker's rights arising under the Eighth and Fourteenth Amendments." (R&R at 22.) In particular, Magistrate Judge Locke noted that plaintiff alleges that he "informed Sanchez that he was complying with all of Armor's 'pain medication' protocol," but that he was "still in constant debilitating pain," (Compl. ¶ IV(A)(19)), which Magistrate Judge Locke found to be sufficient to satisfy the objective prong of the deliberate indifference standard. Magistrate Judge Locke further found that plaintiff satisfied the subjective prong of the deliberate indifference standard because plaintiff alleges that, despite his complaints of "constant debilitating pain," defendant Sanchez refused to prescribe additional pain medication, "citing Armor policy" (Compl. ¶ IV(A)(19)), and defendant Margos "stated that she would not order any additional pain medication because that is

3

the policy of Armor." (Compl. ¶ IV(A)(22).)[1] The Armor Defendants have objected, arguing that plaintiff's claims amount to nothing more than a mere disagreement as to medical treatment and that such a disagreement as to appropriate pain medication does not support a claim of deliberate indifference. (Obj. to R&R at 5.)

Having reviewed *de novo* the Armor Defendants' objections, the relevant law, and the R&R, the Court agrees with Magistrate Judge Locke's conclusion that "[d]rawing all inferences in Plaintiff's favor, Walker's allegations support a plausible inference that Margos' and Sanchez's refusal to order additional or different pain medication was neither based on their own independent medical judgment nor was otherwise consistent with professional norms such that it would amount to a mere 'disagreement over the proper treatment'" because plaintiff's allegations can be interpreted to claim that "Armor's policy was the *only* basis for the Armor Defendants' refusal to prescribe additional pain medication." (R&R at 24.) If the additional or different pain medication was medically necessary, but defendants Margos and Sanchez refused to prescribe it solely based upon Armor policy, such refusal supports an inference of deliberate indifference. *See Donohue v. Manetti*, No. 15-CV-636 (JFB)(GRB), 2016 WL 740439, at *7 (E.D.N.Y. Feb. 24, 2016) (finding plaintiff sufficiently alleged subjective prong of deliberate indifference where he alleged that doctor told him that due to the "fairly recent turnover of medical services" at NCCC to Armor, "things are different now and we don't hand out pills anymore – deal with it."); *Franklin v. Dudley*, No. 2:07-CV-2259 (FCD)(KJN), 2010 WL 5477693, at *7 (E.D. Cal. Dec. 29, 2010) ("A blanket policy denying narcotic pain medication to inmates in the general population regardless of medical

---
[1] Magistrate Judge Locke noted that, although plaintiff did not specifically allege that he informed defendant Margos that he was suffering from pain so that additional or different pain medication was necessary, given Margos' response and in light of plaintif's *pro se* status, it was logical to conclude that plaintiff is alleging that he informed Margos that he was in substantial pain. (R&R at 24.) The Court agrees.

4

need is unconstitutional."), *adhered to*, No. 2:07-CV-2259 (KJM)(KJN), 2011 WL 2493770 (E.D. Cal. June 22, 2011); *Scott v. Campbell*, No. 08-CV-205, 2009 WL 3028306, at *2 (N.D. Fla. Sept. 17, 2009) (denying motion for summary judgment where a sheriff's policy of disfavoring narcotic pain medication, even when medically indicated, would support a finding of deliberate indifference to the plaintiff's medical needs); *see also Liner v. Fischer*, No. 11-CV-6711 (PAC)(JLC), 2013 WL 4405539, at *21 (S.D.N.Y. Aug. 7, 2013) (denying motion to dismiss deliberate indifference claim because "[i]f, as [plaintiff] alleges, he was denied necessary medication for almost two years [due to 'budget cuts,'] this delay could potentially be a factor in support of a finding of deliberate indifference"); *Stevens v. Goord*, 535 F. Supp. 2d 373, 388 (S.D.N.Y. 2008) ("While disagreements regarding choice of treatment are generally not actionable under the Eighth Amendment, judgments that have no sound medical basis, contravene professional norms, and appear designed simply to justify an easier course of treatment (in this case, no treatment) may provide the basis of a claim."). Thus, the Court denies the Armor Defendants' motion to dismiss plaintiff's claim that defendants Margos and Sanchez were deliberately indifferent to his medical needs by refusing to prescribe additional or different pain medication.

B. Mattress

Magistrate Judge Locke further found that plaintiff's allegations regarding the Armor Defendants' refusal to provide plaintiff with a second mattress were sufficient to support a plausible inference that defendants Margos and Sanchez were deliberately indifferent to plaintiff's Eighth and Fourteenth Amendment rights. Magistrate Judge Locke found that plaintiff's allegations that, as a result of being denied a second mattress, he was "unable to sleep without constant waking, tossing and turning, burning, stinging, aching, and constant debilitating pain"

(Compl. ¶¶ IV(A)(18), (B)(2)), were sufficient, if accepted as true, to satisfy the objective prong of the deliberate indifference standard. Magistrate Judge Locke further noted that, with respect to the subjective prong, plaintiff's allegations were sufficient to allege a claim of deliberate indifference based on defendants Sanchez's and Margos' refusal to provide him with an additional mattress, despite his complaints of pain, based on an alleged County policy of limiting inmates to a single mattress. The Armor Defendants have objected, focusing on the subjective prong of the analysis. In particular, they argue that plaintiff's allegations fail to raise an inference of criminal recklessness, that defendant Sanchez's and Margos' alleged statements do not raise an inference that they were aware of a substantial risk of serious harm to plaintiff from not receiving an additional mattress, and that defendant Sanchez's and Margos' alleged refusal to order the mattress had nothing to do with an Armor policy. (Obj. to R&R at 3-4.)

However, the Court has reviewed the Armor Defendants' objections, the relevant law, and the R&R, and agrees with Magistrate Judge Locke's conclusion that plaintiff has plausibly alleged a claim of deliberate indifference based on Sanchez's and Margos' refusal to provide him with a mattress. As noted by Magistrate Judge Locke, courts have held that a failure to provide a medically necessary mattress can form the basis for a claim arising under Section 1983 where the plaintiff has alleged: "(1) the plaintiff had a medical condition requiring a non-standard bed to protect against serious damage to his future health; (2) he made his condition known to prison officials; (3) he requested a non-standard bed to accommodate the condition; and (4) his request was denied by an official who knew of and disregarded an excessive risk to the plaintiff's health or safety." *Youmans v. Schriro*, No. 12 Civ. 3690 (PAE)(JCF), 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013); *see also Harris v. Moore*, No. 15 Civ. 1608 (PAE)(JCF), 2015 WL 10427865, at *4 (S.D.N.Y. Dec. 3, 2015) (holding that the plaintiff satisfied the subjective prong of the

deliberate indifference standard where he alleged "that the defendants were actually aware of both the plaintiff's condition and the potential risk of harm that would result if the plaintiff were denied access" to a second mattress) (Report and Recommendation), *adopted by* 2016 WL 908146 (S.D.N.Y. Mar. 2, 2016). Plaintiff alleges that he complained of extreme pain, but that "Sanchez refused to order an extra mattress . . . stating that by order of the Sheriff he was not allowed to order a second mattress" (Compl. ¶ IV(A)(18)),[2] and that "Margos stated that she would not violate the sheriff's policy by ordering a second mattress, notwithstanding medical need." (Compl. ¶ IV(A)(21).)[3] Liberally construing plaintiff's complaint and drawing all inferences in his favor, the Court concludes that plaintiff's allegations support an inference that defendants Margos and Sachez denied him a second mattress based solely on a Nassau County policy of limiting inmates to a single mattress and, thus, that the decision was not based on their own independent medical judgment.[4] Thus, the Court denies the Armor Defendants' motion to dismiss plaintiff's claim that defendants Margos and Sanchez were deliberately indifferent to his medical needs by refusing to order a second mattress.

---

[2] Although plaintiff's allegations of "constant debilitating pain" were pled in conjunction with his allegations regarding defendant Sanchez's refusal to prescribe additional or different pain medication (*see* Compl. ¶ IV(A)(19)), the Court agrees with Magistrate Judge Locke's conclusion that, drawing all reasonable inferences in plaintiff's favor, plaintiff's allegations can be construed to claim that Sanchez was also aware of plaintiff's medical claim when he denied plaintiff's request for a mattress. (*See* R&R at 28.)

[3] Although plaintiff did not specifically allege that he informed defendant Margos that he was suffering from pain so that the additional mattress was necessary, the Court agrees with Magistrate Judge Locke's conclusion that "given Margos' statements, and in light of Plaintiff's *pro se* status, it is logical to conclude that Plaintiff requested an additional mattress because of substantial pain." (R&R at 28.)

[4] Although the Armor Defendants also object because the policy was allegedly issued by the Sherriff (not Armor), the Court notes that other portions of the Complaint make reference to Armor's policies leading to a denial of adequate medical care. (Compl. ¶ IV(A)(11).) Moreover, the Complaint could be liberally construed as also alleging that Armor adopted the Sheriff's mattress policy.

## III. CONCLUSION

For the foregoing reasons and the reasons set forth in the R&R, under a *de novo* standard of review, IT IS HEREBY ORDERED that the Court adopts the R&R in its entirety. The County Defendants' motion to dismiss is denied. The Armor Defendants' motion to dismiss is granted with respect to plaintiff's claims that defendants Margos and Sanchez violated his Eighth and Fourteenth Amendment rights by failing to provide a cane for approximately eleven months and refusing to refer plaintiff to community-based specialists, but denied in all other respects.

Plaintiff is granted leave to replead his allegations that were dismissed in an amended complaint, and in fact, plaintiff has already done so on August 24, 2016. Defendants shall respond to the Amended Complaint by October 24, 2016, and Magistrate Judge Locke will initiate the discovery process.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2016
Central Islip, NY

8